Geneva KING, Appellant,

v.

BUTLER REST HOME, INC., d/b/a River Valley Nursing Home; and the Commonwealth of Kentucky, Cabinet for Health and Family Services, Appellees.

No. 2010–CA–001467–MR.

Court of Appeals of Kentucky.

June 17, 2011.

Rehearing Denied Aug. 29, 2011.

Discretionary Review Denied by Supreme Court May 16, 2012.

Robert L. McClelland, Mark Maddox, Lexington, KY, for appellant.

Arnold Taylor, Covington, KY, for appellee Butler Rest Home, Inc., d/b/a River Valley Nursing Home.

John Marcus Jones, Frankfort, KY, for appellee Commonwealth of Kentucky, Cabinet for Health and Family Services.

William S. Dolan, Frankfort, KY, Amicus Curiae Brief for Kentucky Protection and Advocacy.

Before DIXON, KELLER, and VANMETER, Judges.

## OPINION

VANMETER, Judge:

Geneva King appeals from the opinion and order of the Franklin Circuit Court affirming the findings of fact, conclusions of law, and final order of the Cabinet for Health and Family Services ("Cabinet") which held the actions taken by Butler Rest Home, Inc., d/b/a River Valley Nursing Home ("River Valley") discharging Geneva from its long-term care facility to be in compliance with federal and state law. For the following reasons, we affirm.

Geneva became a private-pay resident of River Valley in March 2008. Diana Livengood, Geneva's daughter and legal representative, executed the River Valley Financial Agreement, whereby she accepted responsibility for the monthly payments to River Valley. In an additional document titled "River Valley Nursing Home Admission and Financial Agreement," Diana was listed as the party to whom all billing statements and additional correspondence from River Valley should be mailed.

Geneva filed for Medicaid benefits in June 2009 and, as a result, stopped making private payments to River Valley. Thereafter, Geneva's application for Medicaid benefits was denied. Geneva reapplied for Medicaid benefits, was again denied, and then filed an appeal of the denial of Medicaid benefits. On January 4, 2010, River Valley sent a letter, addressed to Geneva and Diana, to Diana's residence, which stated that Geneva would be discharged from River Valley on February 4, 2010, and transferred to Diana's residence due to nonpayment of an outstanding balance of $41,683.55.

Geneva filed an appeal with the Cabinet contesting the involuntary discharge and an administrative hearing was conducted on January 28, 2010. The administrative law judge ("ALJ") issued a final order concluding that River Valley's actions were lawful and affirmed River Valley's discharge of Geneva. On February 4, 2010, Geneva filed a petition with the Franklin Circuit Court appealing the final order of the ALJ and seeking an injunction to stay the final order pending its review. The trial court granted a temporary order for injunctive relief preventing River Valley from discharging Geneva until review of the ALJ's order. On July 19, 2010, the trial court entered an opinion and order affirming the final order of the ALJ and dissolved the injunction. Geneva filed a

motion to alter, amend or vacate the trial court's order, which was denied. Geneva now appeals to this court.

■■■ Upon consideration of an administrative decision,

[t]he circuit court's role as an appellate court is to review the administrative decision, not to reinterpret or to reconsider the merits of the claim, nor to substitute its judgment for that of the agency as to the weight of the evidence. Thus, the circuit court must determine both if the findings of fact are supported by substantial evidence of probative value and whether or not the administrative agency has applied the correct rule of law to the facts so found. The test of substantiality of the evidence is whether ... it has sufficient probative value to induce conviction in the minds of reasonable persons. Further, the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. As long as there is substantial evidence in the record to support the agency's decision, the court must defer to the agency, even if there is conflicting evidence.

*500 Associates, Inc. v. Natural Res. & Envtl. Prot. Cabinet,* 204 S.W.3d 121, 131–32 (Ky.App.2006) (internal citations and quotations omitted). Our review is to determine whether the circuit court's findings affirming the administrative decision are clearly erroneous. *Id.* at 131 (citation omitted).

■■ On appeal, Geneva first argues the ALJ erred by holding River Valley could involuntarily discharge her prior to a final ruling regarding the appeal of her denial of Medicaid benefits. We disagree.

KRS[1] 216.515 addresses the rights of residents in long-term care facilities. It provides, in relevant part, "[t]he resident shall be transferred or discharged only for medical reasons, or his own welfare, or that of the other residents, or for nonpayment, except where prohibited by law or administrative regulation." KRS 216.515(4). 900 KAR[2] 2:050 § 2 deals with transfer and discharge rights from long-term care facilities defined by KRS 216.510(1), and provides:

(1) Transfer and discharge requirements. The facility must permit each resident to remain in the facility, and not transfer or discharge the resident from the facility unless:

. . . .

(e) The resident has failed, after reasonable and appropriate notice, to pay for (or to have paid under Medicare, Medicaid or state supplementation) a stay at the facility[.]

Geneva directs us to the Centers for Medicare and Medicaid Services State Operations Manual ("Manual") Appendix PP, which mandates that:

A resident cannot be transferred for non-payment if he or she has submitted to a third party payor all the paperwork necessary for the bill to be paid. Non-payment would occur if a third party payor, including Medicare or Medicaid, denies the claim and the resident refused to pay for his or her stay.

Geneva contends her Medicaid claim had not been denied since her appeal had not yet been reviewed.

Our review of 900 KAR 2:050 and the applicable portion of the Manual cited by Geneva reveals no requirement that an appeal be heard regarding a denial of Medicaid benefits prior to the discharge of a patient for nonpayment. The relevant law states that River Valley may discharge Geneva for nonpayment and that nonpayment occurs when Medicaid denies Geneva's claim for benefits. We are not persuaded by Geneva's argument that a claim for Medicaid has not been denied until the appeals process has been exhausted by the claimant, which seeks to frame the argument in terms of finality when the law imposes no such requirement. Here, Geneva filed two applications for Medicaid benefits, both of which were denied, and subsequently did not pay for her care. Accordingly, the ALJ did not err by finding River Valley could discharge Geneva for nonpayment.

■ Next, Geneva argues the ALJ erred by finding River Valley properly notified her of her discharge and transfer from the facility when it sent notice to Diana, rather than her. We disagree.

Regulation 900 KAR 2:050 § 2 provides, in relevant part:

(3) Notice before transfer. Before a facility transfers or discharges a resident, the facility shall:

(a) Notify the resident *and,* if known, a family member or legal representative of the resident, in writing, of the transfer or discharge and the reasons for the relocation in a language and manner they understand.

(Emphasis added).

The ALJ held the notice to be sufficient since Diana was listed as the party to whom all correspondence should be mailed in the River Valley financial agreement document. The circuit court affirmed, and held that since 900 KAR 2:050 § 1(3) defines resident to include "any legal representative or individual acting on behalf of

---

1. Kentucky Revised Statutes.

2. Kentucky Administrative Regulations.

the resident[,]" River Valley complied with state law by sending the notification letter to Diana's residence. Geneva urges this court to hold 900 KAR 2:050 § 1(3) unconstitutional as inconsistent with federal Medicaid law because it defines "resident" to include any legal representative; however, we decline to address the constitutionality of 900 KAR 2:050 § 1(3), and affirm the ALJ's holding based on the plain language of the financial agreement, whereby Diana listed herself as the person to whom all correspondence and billing statements should be mailed. *See Louisville/Jefferson County Metro Gov't v. TDC Group, LLC,* 283 S.W.3d 657, 660 (Ky. 2009) (The long-standing practice of this court is "to refrain from reaching constitutional issues when other, non-constitutional grounds can be relied upon.") (citation omitted). Under the facts of this case, we find the ALJ's determination that River Valley's notice was sufficient to be supported by the law.

■ Finally, Geneva argues the ALJ erred by affirming River Valley's notice of discharge because the notice provided for her transfer to Diana's residence before sufficient preparation and orientation to the resident occurred. We disagree.

Regulation 900 KAR 2:050 § 2(6) provides that, "[a] facility must provide sufficient preparation and orientation to residents to ensure safe and orderly transfer or discharge from the facility." In addition, per 900 KAR 2:050 § 2(5), the written notice of discharge must include the location to which the resident will be transferred.

Kenneth Orlage, administrator for River Valley, testified before the ALJ that visits to the proposed location for discharge are not made until about a week prior to the actual discharge because River Valley's therapists recommended a shorter period between prepping and orientating the

transfer location and the actual discharge in case a resident's needs changed during that time. Based on Orlage's testimony in this case, we have no reason to believe River Valley failed to comply with the regulation. The notice of discharge was mailed on January 4, 2010, and Geneva contested the discharge prior to a week before her actual discharge. Thus, the facts of this case do not support a finding that River Valley failed to sufficiently prepare Diana's residence for Geneva's transfer.

The opinion of the Franklin Circuit Court is affirmed.

DIXON, Judge, concurs.

KELLER, Judge, concurs in result only.